Filed 10/30/25  P. v. Jimenez CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082632 |
| v. | (Super.Ct.No. INF1501116) |
| IVAN RAUL JIMENEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Ivan Raul Jimenez appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1] The appeal returns to us on transfer from the Supreme Court to reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). *Rhodius* resolved a split of authority among the Courts of Appeal regarding resentencing eligibility when a defendant's sentence for a prior prison enhancement (see former § 667.5, subd. (b)) was stayed and never executed. *Rhodius* held that defendants whose enhanced prison prior term or terms were stayed at sentencing are eligible for resentencing under section 1172.75. Pursuant to *Rhodius,* we therefore reverse the trial court's order denying defendant a resentencing hearing, and remand for the court to hold that hearing.

## BACKGROUND

In December 2016 a jury found defendant guilty of vehicle theft (Veh. Code, § 10851, subd. (a)), two counts of using another person's identifying information (Pen. Code, § 530.5, subd. (a)), fraudulent use of access cards or account information (Pen. Code, § 484g, subd. (a)), second degree burglary (Pen. Code, § 459), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). The jury was unable to reach a verdict on a first degree burglary count (Pen. Code, § 459) and one for receiving a stolen vehicle (Pen. Code, § 496d), but defendant subsequently pleaded guilty to the burglary count. He also admitted to a prior strike, a prior serious felony, and a prior prison term allegations.

---

[1] All further undesignated statutory references are to the Penal Code unless noted.

2

At defendant's sentencing hearing in June 2018 the court imposed a prison term of 22 years eight months. In imposing an enhanced term for the prison prior, the court specified: "[I]t will be one year, but that will be stayed."

In November 2023, almost five and one-half years later, the court held a hearing to consider recall of defendant's sentence and resentencing under section 1172.75. The court concluded defendant was ineligible for resentencing under the statute. On appeal, a divided panel of this court affirmed the trial court's ruling. (*People v. Jimenez* (Jan. 10, 2025, E082632) [nonpub. opn.].) We subsequently vacated that decision following *Rhodius*, and the parties waived supplemental briefing regarding *Rhodius*'s application.

## DISCUSSION

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of the California Department of Corrections and Rehabilitation and county jail administrators to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall

3

result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).)

*Rhodius* held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed."  (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included a stayed prior prison term enhancement that was imposed before 2020.  It was not for a sexually violent offense.  Under *Rhodius*, the stay the original sentencing court entered on the prior prison enhancement does not preclude defendant from resentencing under section 1172.75.  We therefore reverse and remand the matter for the trial court to hold that hearing.

## DISPOSITION

The trial court's order denying defendant resentencing under section 1172.75 is reversed.  The matter is remanded for the court to recall defendant's sentence, hold a resentencing hearing pursuant to section 1172.75, subdivision (d), and resentence defendant consistent with the statute.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.


We concur:

RAMIREZ
                              P. J.


RAPHAEL
                              J.